

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. P. Jennings
County Auditor
Hardin County
Kountze, Texas

Dear Sir:      Opinion No. 0-2125
               Re: Is it the duty of the state
                   and county tax assessor-
                   collector to assess and col-
                   lect city government taxes
                   of the City of Sour Lake.
                   and related questions

        We are in receipt of your letter of recent
date, requesting an opinion of this department on
the questions as are stated herein.

        Your letter reads in part as follows:

        "On or about Oct. 1939 the City of
    Sour Lake, Texas, voted to incorporate,
    and said election was in favor of in-
    corporation.

        "The people of Sour Lake, Texas, have
    made a demand that the State and County
    Tax Assessor and Collector assess and col-
    lect the Sour Lake City taxes; is it the
    duty of the State and County Tax Assessor
    and Collector to assess and collect said
    city government taxes?

        "Can the State and County Tax Collec-
    tor hold the office wherein he is being
    paid fees as State and County Tax Assessor
    and Collector and he paid fees for assess-
    ing, and collecting taxes for the city?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 1042b, Vernon's Annotated Civil Statutes, reads as follows:

"Section 1. Any incorporated city, town, or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district in the State of Texas is hereby authorized by ordinance or by proper resolution to authorize the County Assessor of the county in which said incorporated city, town, or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district is located to act as Tax Assessor for said incorporated city, town, or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district or authorize the Tax Collector of the County in which said incorporated city, town, or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district is situated to act as Tax Collector for said incorporated city, town, or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district.

"Section 2. When an ordinance or proper resolution is passed, making available the services of the County Tax Assessor to such incorporated city, town, or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district it shall be the duty of the said Tax Assessor of the county in which such

incorporated city, town or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district is situated to assess the taxes for said incorporated city, town, or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district and perform the duties of Tax Assessor for said incorporated city, town, or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district according to the ordinances and resolutions of said incorporated city, town, or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district, and according to law.

"Section 3. When an ordinance or proper resolution is passed availing such incorporated cities, towns, or villages, independent school districts, common school districts, drainage districts, water control and improvement districts, water improvement districts, or navigation districts of the services of the County Tax Collector, it shall be the duty of said Tax Collector of the county in which said incorporated cities, towns, or villages, independent school districts, common school districts, drainage districts, water control and improvement districts, water improvement districts, or navigation districts are situated to collect the taxes and assessments for said incorporated cities, towns, or villages, independent school districts, common school districts, drainage districts, water control and improvement districts, water improvement districts, or navigation

districts and turn over as soon as collected
to the respective proper depository of said
incorporated cities, towns, or villages,
independent school districts, common school
districts, drainage districts, water control
and improvement districts, water improvement
districts, or navigation districts or other
authority authorized to receive such taxes
or assessments, all taxes or moneys collected
for said incorporated cities, towns, or
villages, independent school districts, com-
mon school districts, drainage districts,
water control and improvement districts, water
improvement districts, or navigation districts
according to the ordinances or resolutions of
said incorporated cities, towns, or villages,
independent school districts, common school
districts, drainage districts, water control
and improvement districts, water improvement
districts, or navigation districts, and accord-
ing to law, less his fees hereinafter pro-
vided for, and shall perform the duties of
Tax Collector of said incorporated cities,
towns, or villages, independent school dis-
tricts, common school districts, drainage
districts, water control and improvement
districts, water improvement districts, or
navigation districts.

"Section 4. The property in said in-
corporated cities, towns, or villages, inde-
pendent school districts, common school districts,
drainage districts, water control and improvement
districts, water improvement districts, or
navigation districts taking advantage of this
Act shall be assessed at the same value as
it is assessed for county and State purposes.

"Section 5. When the County Assessor and County Collector are required to assess and collect the taxes in any incorporated city, town, or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district they shall respectively receive for such services an amount to be agreed upon by the governing body of such incorporated cities, towns, or villages, independent school districts, common school districts, drainage districts, water control and improvement districts, water improvement districts, or navigation districts and the Commissioners Court of the county in which such incorporated cities, towns, or villages, independent school districts, common school districts, drainage districts, water control and improvement districts, water improvement districts, or navigation districts are situated not to exceed one per cent of the taxes so collected."

The above mentioned statute was passed in 1939 by the 46th Legislature, regarding the rights of incorporated cities, towns or villages, availing such incorporated cities, towns or villages of the services of the county tax assessor collector, and is the last expression of the Legislature regarding the authority of such cities, towns or villages in securing the services of the county tax assessor-collector to assess and collect taxes for the same, and by implication the older statutes governing the same proposition will be held to be repealed to the extent of the conflict of the prior statute and the present statute. It is presumed that the Legislature intended to repeal all laws and parts of laws, clearly inconsistent with its latter acts.

Article 977, Vernon's Annotated Civil Statutes, reads as follows:

"The municipal go. rnment of the city shall consist of a city council composed of the mayor and two aldermen from each ward, a majority of whom shall constitute

a quorum for the transaction of business,
except at called meetings, or meetings for
the imposition of taxes, when two-thirds
of a full board shall be required, unless
otherwise specified, provided that where
the city or town is not divided into wards,
the city council shall be composed of the
mayor and five aldermen, and the provisions
of this title relating to proceedings in
a ward shall apply to a whole city or town.
Other officers of the corporation shall be
a treasurer, an assessor and collector, a
secretary, a city attorney, a marshal, city
engineer, and such other officers and agents
as the city council may from time to time
direct. The office of treasurer, assessor
and collector, city attorney, and city en-
gineer may be dispensed with by an ordinance
to that effect, and the powers and duties
herein prescribed for such officers may be
conferred by the council upon other officers.
The above named officers shall be elected by
the qualified electors of the city for a
term of two years."

We quote from Texas Jurisprudence, Volume
30, page 222, as follows:

"Ordinarily, a city council which
has power to create a public appointive
office has power to discontinue it. The
statutes authorize the council of a city
operating under the general law to dis-
pense with certain offices and confer the
powers and duties attached to the same
upon other officers, and empower the board
of commissioners of a municipality having
the commission form of government to
abolish any office which it creates. The
right of the council of a city operating
under a special charter to abolish particular
offices depends upon the terms of the charter.

But a charter will not be construed to authorize
the council to abolish all city offices and thus
destroy the city government, where the language
is susceptible of a construction which will pre-
serve all of the law intact. The council cannot
by resolution abolish an office created by an
ordinance; and where it attempts to do so the
incumbent remains an officer de jure. The courts
will not annul an ordinance abolishing an office
at the suit of one who has not been injured thereby.
Where an office is legally abolished, the incumbent
is not entitled to compensation for the remainder
of his term."

Section 4 of Article XI of the State Constitution
provides that cities and towns having a population of
5,000 or less may be chartered by a general law only; but
cities having more than 5,000 inhabitants may adopt their
charters by a majority vote at an election held for that
purpose. These provisions limit the operation of the
statutes relating to the incorporation of cities, towns
and villages to those with 5,000 inhabitants or less,
and only those having 5,000 inhabitants or less may be
incorporated under the general laws relating to the in-
corporation of municipalities other than those governing
home rule charters.

The population of Sour Lake is 3,032 inhabitants;
therefore, we must assume that said town is incorporated
under the general laws relating to the incorporation of
municipalities other than those governing home rule charters.

Where the office of tax assessor-collector has
been dispensed with by an ordinance to that effect, the
powers and duties prescribed by law for such offices may
be conferred upon other officers by the city council.
Therefore, you are respectfully advised that it is the
opinion of this department that if the office of city
tax assessor-collector for the town of Sour Lake has
been dispensed with, and the city council of said town
has passed an ordinance availing such town of the ser-
vices of the county tax-assessor-collector, then it is

the duty of the county tax assessor-collector to assess and collect the taxes of the town of Sour Lake. However, it is to be noted that in the event the county tax assessor-collector is authorized to assess and collect such taxes for said town, the property therein shall be assessed at the same value as it is assessed for county and state purposes.

With reference to your second question, you are respectfully advised that if the county tax assessor-collector assesses and collects the taxes of the town of Sour Lake under Article 1042b, supra, where the office of city tax assessor-collector has been dispensed with by an ordinance of the city council, said tax assessor collector is not holding two offices, but is holding only one office which is the office of county tax assessor-collector, and in assessing and collecting the taxes of the town of Sour Lake, he is only performing additional duties imposed upon him by the above mentioned statutes.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED MAY 3, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

AW:LW


APPROVED
OPINION
COMMITTEE
BWB